# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 18-48-GW(SHKx) | Date | June 11, 2018 |
| Title | *Bosco Legal Services, Inc. v. Hiscox Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None Present                                      None Present

**PROCEEDINGS:**     **DEFENDANT HISCOX'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT [19];**

                             **PLAINTIFF'S MOTION TO STRIKE LLOYD'S SYNDICATE 3624 MOTION TO STRIKE AND NOTICE OF FILING REMOVAL AND ENTER DEFAULT AGAINST HISCOX INC.; ALTERNATIVELY REMAND CASE TO CALIFORNIA STATE COURT [26];**

                             **SCHEDULING CONFERENCE**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The motions are GRANTED IN PART and DENIED IN PART. Plaintiff will have until July 13, 2018 to file a First Amended Complaint. Defendant will respond by July 27, 2018.

The Scheduling Conference is continued to August 2, 2018 at 8:30 a.m.

                                                                                :    20

                                          Initials of Preparer    JG

***Bosco Legal Services, Inc. v. Hiscox, Inc.***; Case No. 5:18-cv-00048-GW-(SHKx)
Tentative Rulings on: (1) Defendant's Motion to Dismiss, or in the Alternative, Strike Portions of Plaintiff's Complaint, and (2) Plaintiff's Motion to Strike Lloyd's Syndicate 3624 Motion to Strike and Notice of Filing Removal and Enter Default Against Hiscox and Alternatively Remand

## I. Background

### A. Factual Background

Plaintiff Bosco Legal Services, Inc. ("Plaintiff" or "Bosco") sues Hiscox, Inc.[1] ("Hiscox Inc." or "Hiscox" or "Defendant") for: (1) breach of contract; (2) insurance bad faith; (3) breach of the implied covenant of good faith and fair dealing; (4) negligence; and (5) misrepresentation. *See* Notice of Removal ("NOR") Ex. A ("Complaint"), Docket No. 5.

The Complaint alleges as follows:

Plaintiff Bosco is an attorney services company providing a myriad of services, including serving and filing court documents, investigations, and copy and document services. *See* Complaint ¶ 8. Hiscox issued Policy No. MPL1470119.15 (the "Policy"), a professional liability policy, covering the period of July 9, 2015 to July 9, 2016. *See id.* ¶ 9.

In 2015, George A. Conkwright ("Conkwright") filed a lawsuit against U.S. Legal Support, Inc. ("U.S. Legal") and Jose Camarena, in California Superior Court (the "Conkwright Action"). *See id.* ¶ 10. Conkwright therein alleged trespass and torts related to service of process. U.S. Legal filed a cross-complaint against Bosco (Plaintiff in this case), and Conkwright later filed an amended complaint naming Bosco as a defendant. *See id.* Bosco retained a law firm to defend the Conkwright Action, who then conducted defense litigation activities. *See id.* ¶¶ 11-12. At the trial of the Conkwright Action, the court found Bosco not liable. *See id.* ¶ 12.

Bosco and its defense counsel in the Conkwright Action demanded payment of costs and attorney's fees from Defendant Hiscox. *See id.* ¶ 13. Defendant Hiscox refused to pay for Bosco's expenditures in defense of the Conkwright Action. *See id.* Defendant Hiscox was aware of the loss and the Conkwright Action. *See id.* Moreover, Defendant "openly promised

---
[1] The Court addresses Plaintiff's argument as to who the Defendant actually is in Section II.B.2 below.

1

that they would 'tailor insurance to meet [Bosco's] needs . . . and that they would "protect your [Bosco's] business' if Bosco . . . was sued." *See id.* ¶ 14.

Plaintiff prays for various relief specific to each cause of action, with requested relief including litigation expenses from 2016 and 2017 in excess of $150,000, costs of suit and attorney's fees for this litigation, punitive damages in excess of $1,000,000 and any other relief the Court deems just and proper. *See* Complaint at 8-9.

**B. Procedural History**

The procedural posture of this case is relatively straightforward. On November 2, 2017, Plaintiff brought the Complaint in California Superior Court in Riverside, California. *See* Complaint at 1. On January 9, 2018, Defendant removed the present action to this Court. *See* Notice of Removal ("NOR"), Docket No. 3.

Defendant brought a motion to dismiss three causes of action in the Complaint on March 1, 2018. *See* Notice of Motion and Motion of Defendant to Dismiss, or in the Alternative, Strike Portions of Plaintiff's Complaint ("MTD"), Docket No. 19. In response, Plaintiff filed an opposition to the MTD. *See* Opposition to Lloyd's Syndicate 3624 Motions to Strike/Dismiss ("MTD Opp'n"), Docket No. 31. Defendant filed a reply in support of the MTD. *See* Defendant's Reply in Support of Its MTD ("MTD Reply"), Docket No. 33.

Plaintiff filed a flurry of motions within a single brief, including a motion to strike the NOR, enter default against Hiscox, Inc., and remand the case to California Superior Court. *See* Notice of Motion to Strike Lloyd's Syndicate 3624 Motion to Strike and Notice of Filing Removal and Enter Default Against Hiscox and Alternatively Remand ("Pl.'s Motion"), Docket No. 26.[2] Defendant opposed Plaintiff's Motion. *See* Hiscox's Opposition to Plaintiff's Motion ("Opp'n to Pl.'s Motion"), Docket No. 32. Plaintiff then filed a reply in support of its motion. *See* Reply in Support of Plaintiff's Motion ("Pl.'s Motion Reply"), Docket No. 34.

**II. Motion to Remand**

**A. Legal Standard**

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992);

---

[2] Docket No. 27 seems to bear the exact same filing as in Docket No. 26.

2

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799)); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). To invoke diversity jurisdiction, the party asserting jurisdiction must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

### B. Analysis[3]

#### 1. *Amount in Controversy*

To invoke diversity jurisdiction, the party asserting jurisdiction must show the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "While a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, evidence establishing the amount is required once the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Once the plaintiff contests, or the court questions the allegation and where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 876, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (quoting *Singer v. State Farm*

---
[3] Defendant argues that Plaintiff's motion to remand is untimely. *See* MTR Opp'n at 11-12. This argument fails because it is well settled that a "party may raise jurisdictional challenges at any time during the proceedings." *See Attorneys Tr. v. Videotape Computer Prod., Inc.*, 93 F.3d 593, 595 (9th Cir. 1996) (citation and internal quotation marks omitted).

3

*Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016).

Plaintiff's Motion to remand does not challenge that the Complaint meets the amount in controversy requirement. *See generally* Pl.'s Motion. From the face of the Complaint, it is clear that the amount in controversy exceeds the $75,000 threshold. The Complaint pleads that the "Litigation expenses [forming the basis for this dispute] from 2016 to 2017, totals an amount exceeding $150,000." *See* Complaint at 8. Therefore, the Court concludes that − from the face of the Complaint − more than $75,000 is at issue. *See* 28 U.S.C. § 1332(a).

2. *Citizenship*

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (citations omitted). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)). A person's domicile is the place he or she physically resides with the intent to make it a fixed and permanent home, while residence means living in a particular locality. *See id*. (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

For diversity purposes, a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" means the place where a corporation's board and high level officers direct, control and coordinate its activities, also referred to as its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). "In practice it should normally be the place where the corporation maintains its headquarters − provided that the headquarters is the actual center of direct, control, and coordination." *Id.* at 93.

At the outset, Plaintiff argues that Defendant misleads the Court in representing that "Lloyd's Syndicate 3624 (Hiscox) [was] erroneously sued as Hiscox, Inc. doing business as Hiscox Insurance Agency in California." *See* Pl.'s Motion at 8 (internal quotation marks

4

omitted).  Plaintiff calls this issue "a cancer which corrupts 'Lloyd's pleadings.'"  *See* Pl.'s Motion Reply at 2.  Plaintiff argues that Hiscox (seemingly referring to Hiscox Inc.), was entitled to serve a cross-complaint to Lloyd's Syndicate 3624 but it could not merely file a notice of errata.  *See id.* at 3-5.  28 days after Defendant filed an MTD, and one day prior to Plaintiff filing its own motion, Defendant filed a notice of errata asking the Court to:

> PLEASE TAKE NOTICE that the name of the defendant appearing in this action, previously styled as "Lloyd's Syndicate 3624 (Hiscox), erroneously sued as Hiscox, Inc. doing business as Hiscox Insurance Agency in California" should be corrected to "Hiscox, Inc., on behalf of itself and Lloyd's Syndicate 3624 (Hiscox), erroneously sued as Hiscox, Inc. doing business as Hiscox Insurance Agency in California."

*See* Notice of Errata Concerning Name of Defendant ("NOE"), Docket No. 25.[4]

In Defendant's Opposition to Plaintiff's Motion, it argues that "[t]he Underwriters of Lloyd's Syndicate 3624 assumed 100% of the risk subscribed to in the Policy."  *See* Opp'n to Pl.'s Motion at 13.  Defendant contends that the Policy is subscribed to by a single Lloyd's syndicate, Syndicate 3624, wholly owned and operated by Hiscox Dedicated Corporate Member, Ltd., a corporation domiciled in the United Kingdom.  *See id.* at 14.  On the other hand, Hiscox Inc. is an agency underwriting on behalf of Lloyd's Syndicate 3624.  *See id.*  Lloyd's Syndicate 3624 would be liable for paying any benefits due under the Policy rather than Hiscox Inc.  *See id.*  The Court would ask that at the June 11, 2018 hearing Defendant's counsel clarify why a notice of errata was proper as opposed to joining Lloyd's Syndicate 3624 as a new party to this action.  In particular, it would ask Defendant to clarify what exactly it means by the following wording in the NOE: "Hiscox, Inc., *on behalf of itself and Lloyd's Syndicate 3624 (Hiscox)* . . . ."  *See* NOE.  This wording makes it unclear whether there is now an additional party improperly added to this lawsuit through the NOE.

Assuming the Court is satisfied with Defendant's response at the hearing as to the propriety of the notice of errata, the Court now analyzes diversity of citizenship.  Somehow, Plaintiff's Motion is entirely devoid of the terms "citizen" or "domicile," but the Court can decipher from the depths of the MTR that Plaintiff asserts Hiscox is a citizen of California

---

[4] Defendant's earlier-filed MTD had stated that "defendant Lloyd's Syndicate 3624 (Hiscox), erroneously sued as Hiscox, Inc. doing business as Hiscox Insurance Agency in California ("Hiscox") will move . . . [to partially dismiss] plaintiff's complaint . . . ."  *See* MTD at CM/ECF Page 1.

because it "enjoys the benefit of the California economy . . . ." *See* Pl.'s Motion at 14. Defendant argues that Hiscox Inc. is domiciled in Delaware[5] (where it was incorporated) and New York (where it has its principal place of business), but not in California. *See* Opp'n to Pl.'s Motion at 15-16. The Court agrees that Hiscox Inc.'s principal place of business under *Hertz* is New York. As Defendant demonstrates through a declaration of its senior in-house legal counsel, and Plaintiff fails to meaningfully refute, Hiscox Inc.'s headquarters is in New York, its CEO and Chief Underwriting Officer are in New York, and other executives are located in New York. *See* Declaration of Helen Weinstein in Support of Hiscox's Opposition to Plaintiff's Motion ("Weinstein Decl.") ¶¶ 8-9, Docket No. 32-2. In fact, not one member of Hiscox Inc.'s leadership team resides in California and no executive-level decisions are made in California, according to Hiscox's in-house senior legal counsel. *See id.* ¶ 10. The Court also takes judicial notice of Hiscox Inc.'s "Entity Detail" on the California Secretary of State's website where it lists Hiscox Inc. as a "foreign stock," with jurisdiction in Delaware, and an "Entity Address" on Madison Avenue in New York, New York.[6] *See* Declaration of Kathryn C. Ashton in Support of Hiscox's Opposition to Plaintiff's Motion ("Ashton Decl.") Ex. A, Docket No. 32-1. Taking all this into consideration, the Court therefore construes Hiscox Inc.'s nerve center, and thus its principal place of business, for diversity purposes to be New York.[7] *See Hertz*, 559 U.S. at 93. Plaintiff's argument that Hiscox Inc. is licensed to conduct insurance business in California and that it may have offices in San Francisco do not negate this finding. *See id.* (holding that merely

---

[5] The parties do not seem to dispute that Hiscox Inc. is incorporated in Delaware.

[6] Other courts have taken judicial notice of similar business searches on this same website. *See, e.g.*, *Zamudio v. Cty. of Los Angeles*, No. CV 13-895-ABC-(PJWx), 2013 WL 3119178, at *4 (C.D. Cal. May 16, 2013) ("The Court GRANTS Defendants' request for judicial notice [docket omitted] and has taken judicial notice of the California Secretary of State Business Search . . . .").

[7] The Court takes heed of the Supreme Court's instructions in making this determination:

> A corporation's "nerve center," usually its main headquarters, is a single place. The public often (though not always) considers it the corporation's main place of business. And it is a place within a State. By contrast, the application of a more general business activities test has led some courts, as in the present case, to look, not at a particular place within a State, but incorrectly at the State itself, measuring the total amount of business activities that the corporation conducts there and determining whether they are "significantly larger" than in the next-ranking State.

*Hertz*, 559 U.S. at 93.

conducting business in a state does not make a corporation a citizen of that state for diversity purposes). The parties seem to agree that Bosco is a California citizen in that it was incorporated in California. *See* NOR ¶ 6. As such, Hiscox Inc. and Bosco are not domiciled in the same state and there is therefore complete diversity.[8]

In sum, the amount in controversy exceeds $75,000, and the parties in this lawsuit are citizens of different states.

### III. **Plaintiff's Motion to Strike**

Plaintiff's Motion, which also includes a loose reference to a motion to strike, does not provide any persuasive argument on why anything should be stricken. Based on the caption page of Plaintiff's Motion, it appears that Plaintiff wants to strike Defendant's motion to strike and the NOR. *See* Pl.'s Motion at 1. The extent of Plaintiff's argument appears merely to be a copy pasted excerpt of Rule 12(f) of the Federal Rules of Civil Procedure and a few other references requesting to strike (with no basis whatsoever) Defendant's motion to strike and/or the NOR. *See id.* at 1-2, 8, 14, 16. Though the Court cannot construe any substantive argument from Plaintiff's request to strike Defendant's motion to strike and/or the NOR, "[u]nder the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Indeed, Rule 12(f) provides that "[t]he court may strike ***from a pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 7(a) of the Federal Rules of Civil Procedure lists what constitutes pleadings, and neither a motion to strike nor a notice of removal fall under the umbrella of pleadings.

Considering that Plaintiff has specifically invoked Rule 12(f) in requesting to strike filings not constituting pleadings, and because Plaintiff has failed to articulate any persuasive reason for striking these filings even if they were eligible to be struck under Rule 12(f), the Court would deny this aspect of Plaintiff's Motion.

---

[8] To the extent that Lloyd's Syndicate 3264 is a separate entity whose citizenship would matter in this analysis, neither Lloyd's Syndicate 3264 nor Hiscox Dedicated Corporate Member, Ltd. (which wholly owns Lloyd's Syndicate 3624), are California citizens for diversity purposes based on Defendant's representations. Hiscox Dedicated Corporate Member, Ltd. is registered as a corporation in the United Kingdom and has its principal place of business there; no other syndicate exists under that corporation other than Lloyd's Syndicate 3624. *See* Weinstein Decl. ¶¶ 4-5; *see* Opp'n to Pl.'s Motion at 15. The Court notes that Plaintiff does not appear to challenge that either Lloyd's Syndicate 3264 or Hiscox Dedicated Corporate Member, Ltd. are not citizens of California for purposes of diversity. *See* Pl.'s Motion at 14-15.

## IV. Motion for Default Judgment

In Plaintiff's Motion, there seems to be a conclusory request for a default judgment, again with absolutely no substantive argument attached to it. Plaintiff copy pastes the text of Rule 55 of the Federal Rules of Civil Procedure immediately before the conclusion, with no discussion or analysis whatsoever of that rule. *See* Pl.'s Motion at 16. In the conclusion Plaintiff requests the Court enter default judgment against "Hiscox Inc., doing business as Hiscox Insurance Agency" but it again provides zero argument for why the Court should take such an action. *See id.* The other two references to entering default judgment in Plaintiff's Motion follow suit in the same deficient manner. *See id.* at 2, 8. The Court would therefore deny Plaintiff's Motion as to entering default judgment.[9]

## V. Motion to Dismiss

### A. 12(b)(6) Motion

#### 1. Legal Standard

Typically, plaintiffs in federal court need only give "a short and plain statement of the claim showing [entitlement] to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

In deciding a 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Marder v. Lopez*, 450

---

[9] In Plaintiff's Reply to its Motion, Plaintiff briefly states in a two-sentence paragraph that "[a]s Plaintiff has never had and could find no authority for a party interfering into a civil action because they wanted to, *without appearing on behalf of the actual party served*, it was believed that placing this remedy in the hands of the court, would allow the option as the court determined expedient." *See* Pl.'s Motion Reply at 8. The Court cannot understand what Plaintiff means here, both substantively and in form. Even if Plaintiff's argument, which the Court cannot understand, has merit, Plaintiff has not followed any of the procedural requirements delineated in Local Rule 55-1. Plaintiff has also provided no discussion of the factors listed in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion"). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] . . . the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citations omitted).

While plaintiffs generally need only satisfy Rule 8's "short and plain" standard, allegations sounding in "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) include "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citations and quotations omitted); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity"). In addition, the allegations must identify "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false") (citations and quotations omitted)).

### 2. Claim-by-Claim Analysis

Defendant moves to dismiss the second, fourth, and fifth causes of action. *See* MTD at 4-8. The Court will address these claims in turn.

#### *Second Cause of Action – Bad Faith*

In the second cause of action, Plaintiff alleges "insurance bad faith." *See* Complaint ¶¶ 20-24. Defendant argues that this claim is redundant in light of the third cause of action (breach of the implied covenant of good faith and fair dealing), such that the Court should strike this cause of action. *See* MTD at 4-5.

From the face of the Complaint, Plaintiff's factual allegations in the bad faith second cause of action are substantively identical to that in the implied covenant of good faith and fair dealing third cause of action and are worded almost the same. *See* Complaint ¶¶ 20-32. The Court recognizes that "[a] claim for a breach of the implied covenant of good faith and fair dealing is, in essence, a claim for relief for insurance bad faith." *Stangl v. OM Fin. Life Ins. Co.*, No. SA CV 08470-DOC-(FMOx), 2008 WL 11342680, at *2 (C.D. Cal. Aug. 15, 2008). Indeed, California law generally treats a bad faith claim and an implied covenant of good faith and fair dealing claim as being the same. *See, e.g.*, *Jordan v. Allstate Ins. Co.*, 116 Cal. App. 4th 1206, 1211 n.4 (2004) ("[the plaintiff] sought recovery for breach of contract, breach of the implied covenant of good faith and fair dealing (i.e., 'bad faith') and declaratory relief."); *20th Century Ins. Co. v. Superior Court*, 90 Cal. App. 4th 1247, 1279 (2001) (impliedly describing the terms as synonymous in a different context when stating the phrasing: "claims for insurer bad faith (i.e., a breach of the implied covenant of good faith and fair dealing."). In line with other courts, the Court would strike the bad faith second cause of action as redundant because of the presence of the third cause of action for breach of the implied covenant of good faith and fair dealing. *See Stangl*, 2008 WL 11342680, at *3 ("holding that "[w]hile Plaintiff may argue facts that she sets forth in the [bad faith claim] in order to support the [implied covenant of good faith and fair dealing claim], she may not maintain these two causes of action separately. They are redundant and the [bad faith claim] shall be stricken."); *see also Boblos's Inc. v. Burlington Ins. Co.*, No. CIVS-07-894 RRB-(DADx), 2007 WL 3165535, at *4 (E.D. Cal. Oct. 25, 2007) (dismissing two bad faith claims because "these claims [were] more appropriately evaluated as claims for tortious breach of the implied covenant of good faith and fair dealing.").

Though there are no apparent facts in the second cause of action that are not in the third cause of action, if there are any slight differences in wording, Plaintiff could still argue those facts but it could not maintain the second cause of action separately from the third cause of action.[10] The Court would strike the bad faith second cause of action.

### *Fourth Cause of Action – Negligence*

In the fourth cause of action, Plaintiff alleges that Defendant had a duty to defend and its failure to "pay expenditures" in defending the Conkwright actions was negligent. *See* Complaint ¶¶ 33-36. Under California law, courts have held that there is no general negligence claim against insurers. *F.P.D., Inc. v. Hartford Cas. Ins. Co.*, No. CV 15-04419 DMG (Ex), 2015 WL 12806477, at *2 (C.D. Cal. Oct. 6, 2015) (dismissing negligence cause of action with prejudice because the defendant was "correct that a cause of action for general negligence is not a legally cognizable claim against insurers under California law.") (citing *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal. App. 4th 249, 254 (1999) ("negligence is not among the theories of recovery generally available against insurers")); *see also Redjai v. Hartford Cas. Ins. Co.*, No. SACV 13-00151-JST-(RNBx), 2013 WL 12129649, at *4 (C.D. Cal. May 6, 2013) ("conclud[ing] that Plaintiffs may not maintain a separate cause of action under California law for negligent investigation of their claims."). The Ninth Circuit has also noted this facet of California law. *Tento Int'l, Inc. v. State Farm Fire & Cas. Co.*, 222 F.3d 660, 664 (9th Cir. 2000) (noting the "unlikely viability" of the claim surviving upon remand to district court because of the aforementioned rule in *Sanchez*). As such, the Court would dismiss with prejudice the fourth cause of action based in negligence.

### *Fifth Cause of Action – Misrepresentation*

In the fifth cause of action, Plaintiff alleges misrepresentation. *See* Complaint ¶¶ 37-38, 29-32.[11] Defendant argues that the Court should dismiss this cause of action on the grounds that Plaintiff merely recites the elements of misrepresentation without any facts to support it. *See* MTD at 6-8. Defendant asserts that this cause of action fails especially due to a heightened

---

[10] Plaintiff fails to explain how civil instructions showing different wordings of bad faith actions and implied good faith and fair dealings actions would be enough to refute the cases Plaintiff presents and this Court cites. *See* MTD Opp'n at 10-11.

[11] The Court notes that the fifth cause of action is listed on pages 7-8 of the Complaint; the numbering is erroneous in that after paragraph 38 on page 8, it goes back to paragraph 29 again. Plaintiff should be more careful to keep its filings in order so that the Court can adequately examine them.

pleading standard applied to negligent-misrepresentation in this district. *See id.* at 7. Plaintiff provides no response to Defendant's characterization of this claim as one for negligent-misrepresentation, and because the Complaint makes no explicit reference to which law this allegation falls under, the Court would construe it as a negligent-misrepresentation claim. *See* MTD at 6-8; MTD Opp'n at 11-12.

Unlike with general negligence claims, in certain situations "California Courts have recognized a cause of action for negligent misrepresentation . . . ." *Bock v. Hansen*, 225 Cal. App. 4th 215, 229 (2014) (citation and internal quotation marks omitted). The elements of a negligent misrepresentation cause of action in California are also well established. "To prevail on a cause of action for negligent misrepresentation, the insured must show that the insurer misrepresented to the insured a past or existing material fact without reasonable grounds for believing it was true. And the insurer must have intended to induce the insured's reliance on the misrepresentation, with the insured ignorant of the truth and damaged by justifiable but erroneous reliance on the misrepresentation." *Rios v. Scottsdale Ins. Co.*, 119 Cal. App. 4th 1020, 1028 (2004).

"It is well-established in the Ninth Circuit that both claims for fraud *and negligent misrepresentation* must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (emphasis added). In fact, this Court has held as much in the past. *See Hernandez v. Specialized Loan Servicing, LLC*, No. CV 14-9404-GW-(JEMx), 2015 WL 1401784, at *4 (C.D. Cal. Mar. 23, 2015) ("Absent countervailing argument, the Court assumes that the negligent-misrepresentation claim is subject to a heightened pleading standard."). As outlined above, Rule 9(b) requires a plaintiff to allege the who, what, when, where, and how of the misconduct charged. *Vess*, 317 F.3d at 1106 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged").

The Complaint does not allege negligent misrepresentation with particularity, and thus does not satisfy Rule 9(b). Paragraph 14 of the Complaint merely alleges that Defendant "openly promised that [it] would 'tailor insurance to meet the needs' of [Plaintiff], and that [Defendant] would 'protect [Plaintiff's] business if [Plaintiff] was sued." Paragraph 18 of the Complaint says the same but tacks on one sentence alleging "Defendant promised to defend but failed to pay

expenditures incurred by Plaintiff in defending the Conkwright actions." The rest of the allegations related to this cause of action simply recited the elements of negligent misrepresentation. *See, e.g.*, Complaint ¶ 29 ("When Defendants made the above representations, they had no reasonable ground to believe that they were true. Instead Defendants instituted patterns and practices tailored to meet their own needs adverse to the needs of Plaintiff, and failed to protect Plaintiff's business, but instead caused harm to Plaintiff's business.").

It is unfortunate that such a conclusory Complaint would follow with such a conclusory opposition to the MTD for this cause of action. *See id.* ¶¶ 14, 38. Plaintiff's one paragraph response to the MTD on this front does not even mention Rule 9(b) or the requirement to plead with particularity in this situation. All Plaintiff does is say that Paragraphs 14 and 38 of the Complaint satisfy "the Federal Rules and *Twombly* standard of advising the Defendants of the causes against them . . . ." *See* MTD Opp'n at 11-12 (font alterated). As such, the Court would conclude that Plaintiff has failed to plead negligent misrepresentation with particularity and thus the Court would dismiss the fifth cause of action with leave to amend. In an amended complaint, Plaintiff must be sure to explain, among other things, (1) which fact was misrepresented, (2) why, when he or she made the supposed misstatement, the speaker lacked reasonable grounds for believing it to be true, (3) that the speaker intended to induce its reliance, and (4) that it suffered damages because it relied on the misrepresentation, not for some other reason. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge integrated Servs. Corp.*, 171 Cal. App. 4th 35, 50 (2009). If Plaintiff fails to do so the Court would dismiss this cause of action without prejudice upon a future motion to dismiss the subsequent amended complaint.

## IV. Conclusion

For the aforementioned reasons, the Court would **GRANT IN PART** Defendant's MTD. As such, the Court would **STRIKE** the second cause of action from the Complaint, but would allow Plaintiff to argue any unique facts that may be hidden in that cause of action. The Court would **DISMISS WITH PREJUDICE** the fourth cause of action. The Court would **DISMISS WITHOUT PREJUDICE** the fifth cause of action.[12] If Plaintiff chooses to amend the

---

[12] As per Rule 15 of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found.*

Complaint as to the fifth cause of action, Plaintiff must do so by June 22, 2018. Otherwise, the Court would consider the Complaint as the final pleading with that cause of action eliminated from it.

The Court would **DENY** Plaintiff's Motion in all respects.

---

*Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).